# IN RE CURNIJAH H. ET AL.*
## (AC 30296)

DiPentima, Harper and Robinson, Js.**

Argued March 18—officially released May 18, 2010

*Thomas F. Mitola,* for the appellant (respondent mother).

*Edward W. Wilson, Jr.,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Susan T. Pearlman,* assistant attorney general, for the appellee (petitioner).

*David B. Rozwaski,* for the minor children.

*Opinion*

PER CURIAM. The respondent mother appeals from the judgments of the trial court finding that four of her

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** The listing of judges reflects their seniority status on this court as of the date of oral argument.

minor children were neglected.[1] On appeal, the respondent claims that the court improperly found that (1) the minor children Curnijah H. and Curtis R. were neglected, and (2) the minor children Daily J. and Danaya J. were neglected under the doctrine of predictive neglect. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to the respondent's appeal. The respondent is the mother of five children. On October 24, 2007, pursuant to General Statutes (Rev. to 2007) § 46b-120 (9), the petitioner, the commissioner of children and families, filed neglect petitions as to both the respondent and the fathers for four of the children. The petitions as to each individual child alleged that he or she was neglected in that each was being denied proper care and attention, physically, educationally, emotionally or morally, and that each was being permitted to live under conditions, circumstances or associations injurious to his or her well-being. A hearing took place over four days, beginning on May 5, 2008, and concluding on July 15, 2008. On July 15, 2008, in a memorandum of decision, the court found that "[the respondent's] as yet unsuccessful attempt to address her drug abuse issues and her mental health issues makes it impossible for her to properly care for any of her children,"[2] and adjudicated the four children neglected under § 46b-120 (9) (B) and

---

[1] The neglect petitions also name Curtis R. as the father of Curnijah H. and Curtis R., and Daily J. as the father of Daily J. and Danaya J. Neither father has appealed from those judgments of neglect. We therefore refer in this opinion to the respondent mother as the respondent.

[2] The court made note that the respondent previously has engaged in treatment for these issues, both with the help of the petitioner and on her own, but that there had been no attempt at treatment since February 6, 2008. "Just because services are accepted . . . does not mean that a child cannot be deemed neglected under our law." *In re T.K.*, 105 Conn. App. 502, 513, 939 A.2d 9, cert. denied, 286 Conn. 914, 945 A.2d 976 (2008).

(C).[3] The court ordered that guardianship of Curnijah H. and Curtis R. be transferred to their maternal grandmother, Theresa H., and that guardianship of Daily J. and Danaya J. be transferred to their paternal grandmother, Caroline J.[4] The court further ordered that the respondent and the fathers were not to have any unsupervised visits with the children. The respondent now appeals.

The respondent claims on appeal that the court's findings that four of her children were neglected were clearly erroneous.[5] We set forth our well settled standard of review. "Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [A]n adjudication of neglect relates to the status of the child and is

---

[3] General Statutes (Rev. to 2007) § 46b-120 (9) provides that "a child or youth may be found 'neglected' who . . . (B) is being denied proper care and attention, physically, educationally, emotionally or morally, or (C) is being permitted to live under conditions, circumstances or associations injurious to the well-being of the child or youth . . . ."

[4] The court additionally ordered visitation for maternal grandmother Theresa H. as to Daily J. and Danaya J.

[5] The court found Daily J. and Danaya J., the respondent's two youngest children, to be neglected under the doctrine of predictive neglect on the basis of evidence showing that "[the respondent] has not been Danaya's and Daily's primary caregiver [for] the majority of the time," and because their "tender ages require that they be cared for by a consistent, sober and stable caregiver." "The doctrine of predictive neglect is grounded in the state's responsibility to avoid harm to the well-being of a child, not to repair it after a tragedy has occurred." *In re T.K.*, 105 Conn. App. 502, 513, 939 A.2d 9, cert. denied, 286 Conn. 914, 945 A.2d 976 (2008).

not necessarily premised on parental fault. A finding that the child is neglected is different from finding who is responsible for the child's condition of neglect. Although [General Statutes] § 46b-129 requires both parents to be named in the petition, the adjudication of neglect is not a judgment that runs against a person or persons so named in the petition; [i]t is not directed against them as parents, but rather is a finding that the children are neglected . . . ." (Citations omitted; internal quotation marks omitted.) *In re Francisco R.,* 111 Conn. App. 529, 535–36, 959 A.2d 1079 (2008).

Our review of the record and trial transcript reveals that there was significant testimony and other evidence to support the court's findings of neglect. Accordingly, we conclude that the court's findings that the children were neglected were not clearly erroneous.

The judgments are affirmed.